## OHIO MALLEABLE IRON CO et v ROWE

Ohio Appeals, 2nd Dist, Franklin Co

No 2297. Decided Oct 11, 1933

Stephen A. Sharp, Columbus, for plaintiff in error.

Morton, Blanchard & TouVelle, Columbus, for defendant in error.

## OPINION

By BARNES, J.

The petition in error sets out eleven separate grounds of error, but in the oral argument and brief attention is called to only two grounds of error, to-wit: (1) That the finding and judgment is contrary to the evidence and to the law; (2) Claimed errors in the introduction of evidence.

We have read the record very closely and think there is sufficient competent evidence to sustain the finding and verdict of the jury.

The direct cause of the death of Charles Rowe was endo-carditis, mitral lesion. We think the evidence fairly shows that Mr. Rowe had a heart affliction for many years previous to the accident. It was of a character that demanded extreme care on his part to prevent a sudden flare-up, as expressed by the medical testimony. Through care nature would provide a compensation through which he might have lived to a normal age. Over-exertion, excessive eating, colds, shock or most any unusual incident might accelerate the heart condition and bring sudden death. That Mr. Rowe had an accident on February 28th and suffered injuries is clearly established from the record. The nature and extent of these injuries is controverted. There is an abundance of evidence, if believed, that Mr. Rowe suffered pain continuously up to the time of his death. Members of the family state that after three weeks he attempted to resume work, but after working three weeks was compelled to give it up because of pain and suffering. Other competent and apparently credible testimony indicates that he worked practically eight weeks. It is the

contention of the plaintiff in error that the effects of the alleged injuries following the accident on February 28th had completely cleared up within a period of three weeks or less.

In a younger man of sound body it is quite sure that the described injuries would have cleared up in a much shorter period of time. Mr. Rowe was sixty-six years of age and this coupled with the functional heart ailment may explain the pain and suffering for the unusual period of time.

The determination of the question as to whether or not the alleged accident and attending injuries had any causal relation and connection with the death of Mr. Rowe was for the jury. Out of the conflict of evidence we have no difficulty in arriving at the conclusion that there was sufficient competent evidence if believed by the jury to warrant their finding and verdict.

On the question of presentation of evidence we find no prejudicial error, nor do we find any prejudicial error on any other ground of error as set out in the petition in error. Judgment of the court below will be sustained.

HORNBECK, PJ, and KUNKLE, J, concur.